UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD A. JORGENSEN,<br><br>                Plaintiff,<br><br>     v.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation.<br><br>                Defendant. | CASE NO. 10-cv-05569 RBL<br><br>ORDER GRANTING MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION |

The Honorable Ronald B. Leighton referred all discovery matter in this case to the undersigned on August 8, 2011 (ECF No. 26). This Court reviewed this matter on August 9, 2011.

Defendant BNSF Railway Company brought a Motion to Compel Independent Medical Examination (ECF No. 16), supported by declarations (ECF Nos. 17-18). Plaintiff's counsel filed a declaration (ECF No. 19) and Reply (ECF No. 20). Plaintiff filed a Notice of Intent to File Surreply (ECF No. 21), together with a declaration (ECF No. 22), and Surreply (ECF No. 23). Finally, Plaintiff filed a supplemental declaration on August 8, 2011 (ECF No. 25).

The Court has reviewed all of these submissions.

The Court reminds the parties of Judge Leighton's first Minute Order Regarding Discovery and Deposition in this case (ECF No. 3), filed shortly after this matter began. The first line of that Order reads, "All discovery matters should be resolved by agreement if possible." Id.

The Minute Order goes on to state:

> The conduct of the parties in pre-trial matters should be guided by the provisions of the Code of Pre-Trial Conduct published by the American College of Trial Lawyers which can be found at www.actl.com (publication).

The actions of both parties in this matter fall short of these standards.

Defendant has a right, and Plaintiff must submit, to a physical examination in the venue where the action is filed. See Fed. R. Civ. P. 35. While the Rule allows the court to order an examination, there is nothing to prevent the parties from agreeing to such an examination in the absence of court involvement. The parties should have endeavored to do so, without court involvement. Nevertheless, in the absence of agreement, defendant is entitled to an order compelling Plaintiff to undergo a physical examination. IT IS SO ORDERED.

Such an examination shall take place at a mutually convenient time and place. Defendant should not have unilaterally scheduled an independent examination without first consulting with counsel to determine plaintiff's schedule. Defendant should have scheduled an examination in the vicinity of where the case was filed, i.e., Tacoma or closer to the plaintiff's residence in Vancouver, Washington. Any future examination will be confined to this geographic location unless defendant, for good cause, can demonstrate some reason why such an examination cannot be performed in this geographic vicinity.

Plaintiff should not have waited almost three weeks before responding to Defendant's request for an examination (ECF No. 17, Exhibit C). Also, the filing of a notice of unavailability

by one of plaintiff's counsel does not mean that the other three attorneys from the same office who have also appeared on the case should not be required to respond to a motion.

If a medical examination cannot be conducted before the discovery cut-off date, then the Court will consider extending discovery for that purpose only.

Finally, as this Court has now been assigned discovery matters, the District Court's previous Minute Order is modified so that if counsel wish to avoid the time and expense of a written motion, they may place a joint call to chambers at (253) 882-3780, requesting a conference call with the undersigned to determine whether it is appropriate to obtain an expedited ruling through a telephone conference call.

All other motions contained in the above pleadings to strike and disregard pleadings (ECF No. 20, 23) are denied.

Dated this 9th day of August, 2011.

J. Richard Creatura
United States Magistrate Judge